IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTEN DAJUSTE,                    :        CIVIL ACTION NO. **3:CV-12-0958**
                                     :
            Petitioner               :        (Judge Caputo)
                                     :
            v.                       :        (Magistrate Judge Blewitt)
                                     :
COMMONWEALTH OF                      :        **FILED**
PENNSYLVANIA,                        :        **SCRANTON**
                                     :
            Respondent               :        MAY 2 5 2012

                    **REPORT AND RECOMMENDATION**      PER _____
                                                          DEPUTY CLERK

**I. Background.**

On May 22, 2012, Petitioner, Christen DAJuste, an inmate at York County Prison ("YCP"), York, Pennsylvania ("PA"), filed, *pro se*, a "Supplement of Petitioner's Writ of Habeas Corpus pending before this Honorable Court." (Doc. 1).   The Clerk of Court docket this case as a new Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.   Petitioner also styled his filing as a "Writ of Coram Nobis in form of PCRA pursuant to §2254 and §1651 under the All Writs Act." (Doc. 1).  Petitioner states that he is being detained at YCP by ICE pending his removal from the Untied States.  Petitioner is, in part,  challenging his Lehigh County, PA, Court of Common Pleas conviction and sentence of April 7, 2008, on the charge of possession with intent to deliver cocaine.  Petitioner states that he was sentenced to 10 months to 48 months in a state prison. Petitioner states that he did not file a direct appeal of his Lehigh County conviction and sentence, but that on May 20, 2011, he filed a PCRA Petition with the Lehigh County Court in which he challenged the validity of his guilty plea and he claimed that his trial counsel was ineffective for not advising him that he would face removal proceedings if he pled guilty, as the Supreme Court has

required in *Padilla v. Kentucky*, 559 U.S.–, 130 S. Ct. 1473 (2010). Petitioner also claimed that the Lehigh County Court imposed an illegal sentence on him.  Petitioner states that his PCRA Petition was denied by the Lehigh County Court as untimely without evaluating whether his trial counsel was ineffective based on *Padilla*. Petitioner state that he then appealed the denial of his PCRA Petition to the PA Superior Court, and it appears that Petitioner 's appeal is still pending.  Petitioner also states that on January 19, 2012, he filed a §2254 habeas petition and a Writ of Coram Nobis with the Middle District of PA with respect to the denial of his PCRA Petition by the Lehigh County Court.  Petitioner seems to indicate that he requested this Federal Court to find that his PCRA Petition was timely filed, to direct the Lehigh County Court to accept his PCRA Petition as timely and, to direct  the Lehigh County Court to grant his PCRA Petition since his trial counsel was ineffective and in violation of his Sixth Amendment right based on the *Padilla* case. Thus, Petitioner appears to request, in part, that this Court invalidate his Lehigh County Court conviction.

Petitioner then states that his Lehigh County Court drug conviction was used by the U.S. Immigration and Customs Enforcement ("ICE") to commence removal proceedings against him. Petitioner seems to indicate that he is now subject to a final order removal and that he is presently being detained by ICE at YCP pending his removal.  Petitioner also appears to claim that since his Lehigh County Court drug conviction was invalid as it violated the *Padilla* case, which he states created a new right, his removal order was invalid since it was based on his Lehigh County Court conviction.

As indicated, Petitioner styles his instant habeas petition as a supplement to the prior habeas petition, which he states he filed with this Court on January 19, 2012, and which he states is

presently pending with this Court.  Petitioner states that in addition to filing his present supplement under §2254, he is filing it as a Writ of Coram Nobis under the All Writs Act, 28 U.S.C. §1651, to again  seek this federal Court to direct the Lehigh County Court to accept his PCRA Petition as timely filed and, to direct the Lehigh County Court to grant his PCRA Petition since his trial counsel was ineffective and in violation of his Sixth Amendment right based on the *Padilla* case.

As stated, Petitioner indicates that this case is also a Petition under The All Writs Act, or 28 U.S.C. § 1651[1], which authorizes federal courts to grant the common law writ of error coram nobis. See *Fleming v. United States*, 146 F.3d 88, 89 (2d Cir.1998) (citing *United States v. Morgan,* 346 U.S. 502 (1954)). "Coram nobis is essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and, therefore, cannot pursue direct review of collateral relief by means of a writ of habeas corpus." *Id.* at 89-90.  In *Buhl v. Hendrick,* 1998 WL 70628 *5 (E.D. Pa.), the Court stated that "Coram nobis is an ancient common law writ which is available to federal courts in criminal matters under the All Writs Act, 28 U.S.C. § 1651(a). *United States v. Morgan,* 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954).  It has been abolished in civil cases by Rule 60(b) of the Federal Rules of Civil Procedure.  Additionally, relief under coram nobis is extremely limited, and only lies where no other remedy is available and sound reasons exist for the petitioner's failure to seek appropriate relief earlier.  *Id.* at 512.

As discussed below, we find that Petitioner DAJuste has remedies available to him to challenge his  Lehigh County Court conviction and that Petitioner has remedies available to

---

[1]*See Bernardi v. U.S.,* 171 Fed. Appx. 387 (3d Cir. 2006), "petition for a writ of error coram nobis pursuant to 28 U.S.C. § 1651."

challenge his final removal order.

Also, on May 22, 2012, in his present habeas case, Civil No. 12-0958, Petitioner filed a "Motion for Stay in Court of Appeal." (Doc. 2).  Petitioner requests this Court to stay his removal from the United States while his claims, which in part challenge his removal order, are pending.

We could not locate any prior habeas petition which Petitioner DAJuste filed with this Court on or about January 19, 2012.  Petitioner states that he is currently being detained by ICE in YCP pending his removal, and he seems to request this federal Court to stay his removal from the United States by ICE since he claims that he was wrongfully convicted in the Lehigh County Court. Petitioner requests a stay of his removal until this Court decides the merits of his claims, including his claims that his Lehigh County Court drug conviction was invalid and that his removal order was unlawfully based on his invalid Lehigh County Court drug conviction.  Petitioner basis both claims on his contention that his state court trial counsel was ineffective and in violation of his Sixth Amendment right based on the *Padilla* case.

To date, Petitioner has not paid the filing fee nor has Petitioner filed a motion to proceed *in forma pauperis*. A 30-day Administrative Order was issued on May 23, 2012, directing Petitioner to either pay the filing fee or file an *in forma pauperis* motion.[2] (Doc. 4).  Petitioner names as Respondent the Commonwealth of PA.[3]

---

[2]Since Petitioner has filed a Motion to Stay his removal, we give expedited consideration to his habeas petition even though he has not yet paid the filing fee or filed an *in forma pauperis* motion.

[3]Petitioner named the incorrect Respondent in his habeas petition, namely, the Commonwealth of PA. Since this action is a habeas petition, and since Petitioner is presently confined at YCP, the  Warden at this prison is the proper Respondent. *See* 28 U.S.C. § 2242

We have not yet directed Respondent to respond to the Habeas Petition.  We now give preliminary consideration to the Habeas Petition pursuant to  Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254.[4] (applicable to § 2241 petitions under Rule 1 (b)).  *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Pacitti v. Lindsay*, 2006 WL 1274997 *1 (M.D. Pa.); *Shafer v. BICE*, Civil No. 07-0264, M.D. Pa., Memorandum (4-24-07)(J. Munley), slip op. pp. 2-3, 2007 WL 1217692, *1 (M.D. Pa. 2007); *Nuculovic v. Chertoff*, 2007 WL 1650613, *1 (M.D. Pa. 2007).

As discussed below, we find that this Court lacks subject matter jurisdiction over Petitioner's claim in his habeas petition challenging his final removal order.   We also find that Petitioner's habeas claim, challenging his April 7, 2008 conviction and sentence in Lehigh County Court, should be construed as being brought under §2254 and that is should dismissed without prejudge to file a §2254 habeas petition with  the U.S. District Court for the Eastern District of PA.[5]  We find that since Petitioner is not challenging his current confinement by ICE  in YCP pending his removal, which he could have raised in a §2241 habeas petition with this Court, that this case be dismissed

---

and § 2243. Petitioner correctly filed his habeas petition with this Court since he is incarcerated in the Middle District of Pennsylvania. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

[4]Rule 4 provides in relevant part: "If it plainly appears from the petition and any attached exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

[5]Petitioner's habeas claim challenging his April 7, 2008 conviction and sentence in Lehigh County Court is properly construed as one under § 2254.  *See DeVaughn v. Dodrill*, Appeal No. 03-4162 (3d Cir. 8-23-05), slip op. p. 3 (Non-Precedential)("A Prisoner challenging either the validity or execution of his state court sentence must rely on §2254.")(emphasis omitted); *Powell v. Schultz*, 2007 WL 3124723 (M.D. Pa. 8-15-07).

without prejudice to file such a claim, if he desires to, in a new §2241 habeas petition. *See Ramos-Lara v. Decker*, 2011 WL 2981184 (M.D. Pa. 6-7-11).   Further, we find that Petitioner's challenge to his final removal order should be dismissed without prejudice to file it with the Third Circuit Court of Appeals *via* a Petition for Review.   Moreover, we find that Petitioner's Motion to Stay his removal until his challenge to his Lehigh County Court drug conviction is decided should be dismissed without prejudice; Petitioner should be directed to file his Stay Motion with the Third Circuit Court of Appeals when he files his Petition for Review regarding his challenge to his final removal order.

## II. Discussion.

In the above-referenced § 2254 habeas case, Petitioner indicates that ICE commenced removal proceedings against him based on his April 2008  Lehigh County Court drug conviction, and that he is now subject to a final order of removal. Petitioner claims that his Lehigh County Court drug conviction was invalid and that his removal order was unlawfully based on his invalid Lehigh County Court drug conviction, since his state court trial counsel was ineffective and in violation of his Sixth Amendment right based on the *Padilla v. Kentucky* case.   Thus, Petitioner challenges both his Lehigh County Court drug conviction as well as his removal order.  We do not find that Petitioner challenges his continued confinement by ICE in YCP as unconstitutional pending his removal.

With respect to Petitioner's challenge to his Lehigh County Court drug conviction, we will recommend that this claim be construed as a §2254 habeas petition and dismissed without prejudice to Petitioner to file this claim in the  U.S. District Court for the Eastern District of PA after

he exhausts his state court remedies.[6] As stated, Petitioner seems to indicate that he has an appeal pending with the PA Superior Court in which he challenges the dismissal of his PCRA Petition as untimely by the Lehigh County Court.

A 28 U.S.C. §2254 petition may be brought in the federal judicial district in which the state court of the conviction is located and, when the prisoner is confined in a prison located in another federal district in the same state as the state of conviction, the petition may be brought in the district of confinement. The district court for the district in which the petition is filed may transfer the petition to the district court for the district of the conviction when to do so is in the interests of justice. 28 U.S.C. §2241(d).

Petitioner is, in part, challenging his April 2008 Lehigh County Court drug conviction. Petitioner claims that his state court trial counsel was ineffective and in violation of his Sixth Amendment right based on the *Padilla v. Kentucky* case and that his conviction was invalid. Petitioner is currently a prisoner at the YCP, which is in the Middle District of Pennsylvania. He is challenging his 2008 conviction and sentence in Lehigh County, Pennsylvania, which is in the Eastern District of Pennsylvania. All records of conviction, transcripts of proceedings, witnesses, and

---

[6]Insofar as Petitioner is seeking to challenge his Lehigh County conviction and sentence, and he claims that his conviction and sentence were illegal, he must file a habeas petition under §2254 in the U.S. District Court of the Eastern District PA after he exhausts his state court remedies. *See Peterson v. Shannon*, 2008 WL 5225819, *3 (M.D. Pa. 12-12-08)("As a general rule, a state prisoner must exhaust his available state court remedies before seeking habeas relief in federal court.")(citation omitted).

Also, Petitioner states that he has an appeal pending with the PA Superior Court regarding the dismissal of his PCRA Petition. Thus, it does not appear that Petitioner has exhausted his state court remedies.

counsel are located within the Eastern District of Pennsylvania.

We find that the Court should dismiss, without prejudice, Petitioner's habeas claim insofar as Petitioner  is challenging his 2008 conviction and sentence in Lehigh County so that he file a §2254 habeas petition in the United States District Court for the Eastern District of Pennsylvania after he completes exhaustion of his state court remedies.  All of the conduct giving rise to Petitioner's habeas claims, as well as his challenged state court conviction and sentence, occurred in the Eastern District of Pennsylvania.  *See Reinhold v. Rozum*, 2007 WL 4248273 (M.D. Pa.); *Wright v. Tennis*, 2007 WL121855 (M.D. Pa.); *Wright v. Diguglielmo*, 2007 WL 1437491 (E.D. Pa.); *Morales v. Palakovich*, Civil No. 10-0036, M.D. Pa., 2-9-10 Order, J. Kosik (§ 2254 Habeas Petition of inmate confined in Middle District of Pennsylvania challenging his Lancaster County, Pennsylvania, conviction and sentence was transferred to the Eastern District of Pennsylvania).

To the extent Petitioner is challenging his final removal order with respect to his underlying Lehigh County state court drug conviction and sentence which was found by ICE to make him removable, and to the extent that Petitioner seeks a stay of his removal from the Untied States while his attack on his state court conviction is pending, we find that under the Real ID Act, this Court lacks jurisdiction in a §2241 habeas petition to review Petitioner's challenge to his underlying state court conviction and sentence which was the basis for his removal order.  *See Jordan v. Ashcroft*, 424 F.3d 320, 326-327 (3d Cir. 2005).  As mentioned, Petitioner states that his removal order was unlawfully based on his invalid Lehigh County Court drug conviction, since his state court trial counsel was ineffective for not informing him that his guilty plea would subject him to removal proceedings and in violation of his Sixth Amendment right based on the *Padilla v. Kentucky* case.

Petitioner states that the *Padilla v. Kentucky* case created a new rule.  We do not agree with Petitioner that the *Padilla* case  created a new rule.  In *U.S. v. Orocio*, 645 F.3d 630 (2011), the Third Circuit found that the *Padilla* case "did not forge a new rule, and that counsel's duty to inform a client about the immigration consequences of a guilty plea was in existence for years before the U.S. Supreme Court's decision in *Padilla* ... ." *Marchuk v. Lowe*, 2012 WL 1137007, *3 (E.D. Pa. 3-15-12).

In any event, we find that Petitioner DAJuste's habeas claim challenging his removal order insofar as it was based on his Lehigh County Court drug conviction and sentence, and his claim that his conviction and sentence were illegal,  is not a claim over which this Court has jurisdiction in a § 2241 habeas petition.  Nor can this Court grant the relief Petitioner requests, *i.e.*  to stay his removal from the United States, to find his removal order invalid and,  to direct  the Lehigh County Court to grant his PCRA Petition based on his claim that his trial counsel was ineffective and in violation of his Sixth Amendment right based on the *Padilla v. Kentucky* case.

In order for this Court to grant the relief Petitioner requests, it would have to find that Petitioner's state court conviction and sentence was illegal, which in turn would directly affect the basis for ICE's decision to commence removal proceedings against him and the basis for the Immigration Court to find Petitioner was removable.  Basically, Petitioner seeks, in part, this Court to review his claim challenging his final removal order with respect to the underlying state court conviction and sentence, which was found by ICE to subject him to removal from the United States. Thus, Petitioner is seeking release from confinement based on an alleged illegal conviction in Lehigh County Court which lead to his invalid removal order.   Petitioner also seeks this Court to stay his

removal from the United States while his claims attacking his underlying state court conviction and his removal order are pending.

In *Portes-Ortiz v. Mukasey*, 2008 WL 2973016, *1 (M.D. Pa.), the Court stated:

> The REAL ID Act, Pub.L. No. 109-13, 119 Stat. 231, provides that the exclusive remedy for challenging an order of removal is a petition for review filed with "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2); *see also id.* § 1252(a) (5); *Jordon v. Attorney Gen.*, 424 F.3d 320, 326 (3d Cir.2005). Moreover, "the [habeas corpus] process is no longer available to any alien, criminal or otherwise, seeking to challenge his or her removal." *Kolkevich v. Attorney Gen.*, 501 F.3d 323, 329 (3d Cir.2007).
>
> Portes-Ortiz is not requesting release pending his removal on the basis that his continued detention by ICE violates his constitutional rights under *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). Rather, he is challenging his actual removal to the Dominican Republic on the basis that he is entitled to derivative citizenship through his ex-wife and to protection under the Convention Against Torture. Therefore, the petition will be construed as a petition for review of the removal order of the immigration judge. Because this court lacks subject matter jurisdiction to entertain the petition for review or to transfer it to the appropriate court of appeals, *see Monteiro v. Attorney Gen.*, 261 Fed Appx. 368, 369 (3d Cir.2008), the petition will be dismissed.

Thus, under the Real ID Act, any challenge Petitioner DAJuste has with respect to his final removal order, including a challenge to the underlying state court sentence which was the basis of his removability, must be raised in a Petition for Review of his final removal order filed with the Third Circuit Court of Appeals. As discussed, the District Court lacks jurisdiction over this issue under the Real ID Act.[7] *See Jordan, supra; Portes-Ortiz, supra.* Therefore, we will recommend that

---

[7]The Real ID Act provides that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act. . . ." Real ID Act § 106(a)(1) (adding INA § 242(a)(5)) (to be codified at 8 U.S.C. § 1252(a)(5)).

Petitioner's habeas claim challenging his removal order be dismissed without prejudice.

Finally, as stated, Petitioner is not challenging the constitutionality his current confinement by ICE in YCP pending his removal.  Petitioner could have  proceeded on such a claim in a §2241 habeas petition with this Court.  Since Petitioner did not raise such a claim, we will recommend that this case be dismissed without prejudice to allow Petitioner to file a claim challenging his continued confinement in YCP in a new habeas petition under §2241.  *See Kolkevich v. Att'y Gen. of the U.S.*, 501 F.3d 323, 334 n. 6 (3d Cir. 2007)("Under §2241, an individual is required to be in custody under or by authority of the United States in order to file a habeas petition.")(quoting 28 U.S.C.  § 2241(c)(1).  Additionally, "[a]n individual subject to a final deportation order issued by the INS or its successor agency is in custody for §2241 purposes."  *Id.; see also Amenuvor v. Mazurkiewicl*, 457 Fed.Appx. 92, 93 (3d Cir. 2012).

Thus, we will recommend that Petitioner DAJuste's entire habeas petition be summarily dismissed without prejudice.

## III. Recommendation.

Based on the foregoing, it is respectfully recommended that Petitioner DAJuste's claim in his Habeas Petition **(Doc. 1)** challenging his underlying Lehigh County state court conviction be dismissed without prejudice to file a §2254 habeas petition in the Eastern District of PA. It is recommended that Petitioner's claim challenging his removal order be dismissed for lack of subject matter jurisdiction pursuant to the Real ID Act and without prejudice to file a Petition for Review with the Third Circuit. It is recommended that Petitioner's Motion to Stay his Removal **(Doc. 2)** be dismissed without prejudice to file it with the Third Circuit along with his Petition for Review. It is also recommended that this case be dismissed without prejudice to allow Petitioner to file a claim challenging his continued confinement in YCP pending his removal in a new §2241 habeas petition. Further, it is recommended that Petitioner be granted leave to proceed *in forma pauperis* solely for the purpose of filing this case.

Finally, it is recommended that this case be summarily dismissed in its entirety and that the case be closed.

THOMAS M. BLEWITT
United States Magistrate Judge

Dated: May  , 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTEN DAJUSTE, | : | CIVIL ACTION NO. **3:CV-12-0958** |
| | : | |
| Petitioner | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| | : | |
| Respondent | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

Report and Recommendation dated **May   , 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where

required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

THOMAS M. BLEWITT
United States Magistrate Judge

Dated: May   , 2012